JOSEPH M. MONTES, CITY ATTORNEY
CITY OF ALHAMBRA; and
BURKE, WILLIAMS & SORENSEN, LLP
ROBERT S. BROWN, SBN (187845)
E-mail:  rbrown@bwslaw.com
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Tel:  213.236.0600      Fax:  213.236.2700

Attorneys for Defendants
CITY OF ALHAMBRA, a municipal entity,
acting by and through the ALHAMBRA
POLICE DEPARTMENT; SERGEANT
BRANDON BLACK, erroneously named as
"DETECTIVE BILL BLACKWELL" an
individual, and DETECTIVE EDWARD
RODRIGUEZ, an individual

FILING FEE EXEMPT PURSUANT TO
GOVERNMENT CODE § 6103

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BASS, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF ALHAMBRA, a municipal entity;<br>ALHAMBRA POLICE DEPARTMENT, a municipal entity;<br>DETECTIVE BILL BLACKWELL, individually and in his official capacity;<br>DETECTIVE EDWARD RODRIGUEZ, individually and in his official capacity;<br>DOES 1 - 10, inclusive,<br><br>                    Defendant. | Case No.  CV 08-07660 ABC (JWJx)<br><br>**RULE 26 (F) JOINT CONFERENCE OF PARTIES' REPORT**<br><br>**[FRCP Rule 26(f)]**<br><br><br>Date:  June 15, 2009<br>Time:  10:00 a.m.<br>Ctrm:  Hon. Audrey B. Collins<br><br>Action Filed: March 30, 2009<br><br>Trial Date: None |

## JOINT RULE 26(f) CONFERENCE REPORT

### A.      Introduction

On May 29, 2009, Robert S. Brown ("Brown"), counsel for Defendants City of Alhambra, Brandon Black, and Edward Rodriguez ("Defendants") conducted a meet and confer with Christopher H. Knauf ("Knauf") and Rebecca F. Thornton,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

CASE NO. CV08-07660 ABC (JWJx)
JOINT RULE 26(F) REPORT

1  counsel for Plaintiff Patrick Bass ("Plaintiff").  The parties hereby file this Joint

2  Rule 26(f) Report following the meeting and in advance of the scheduling

3  conference with the Court on June 15, 2009 at 10:00 a.m.

4  **B.  Plaintiff's Contentions**

5  Plaintiff is deaf and has limited capacity to communicate without a qualified

6  sign language interpreter.  On October 26, 2007, Plaintiff was questioned by

7  Detectives Black and Rodriguez for alleged child pornography.  During the

8  questioning on this very sensitive topic by the police, Plaintiff was concerned about

9  communicating clearly and feared that without a qualified sign language interpreter,

10 there was great risk of misunderstanding.  He wanted to make sure he understood

11 the detectives'' questions and that they understood his responses.  Despite

12 Plaintiff's requests for a qualified sign language interpreter, the detectives refused

13 to provide him with effective communication.  The detectives forced Plaintiff to

14 attempt to lip read or communicate through a colleague of his who was not

15 qualified to interpret in a police interrogation.  Plaintiff's statements that he did not

16 fully understand questions asked of him and that his responses were not being

17 properly communicated to the detectives were ignored.  The lack of effective

18 communication during the 3-hour interrogation caused Plaintiff severe emotional

19 distress for which he seeks damages from Defendants.  Plaintiff was never charged

20 with any crime.

21 Plaintiff contends that the actions of Defendants constitute violations under

22 the Americans with Disabilities Act, the Rehabilitation Act, the Fourteenth

23 Amendment to the U.S. Constitution, and other state and federal laws.  The acts

24 also constitute negligence in that Defendants knew or should have known that their

25 actions would harm Plaintiff and in that their conduct violated state and federal

26 statutes and regulations.  Plaintiff contends that Defendants' actions were malicious

27 and with reckless disregard for Plaintiff's rights, entitling Plaintiff to punitive

28 damages.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. CV08-07660 ABC (JWJx)
JOINT RULE 26(F) REPORT

1   Plaintiff further contends that the City of Alhambra is liable under 42 U.S.C.

2   § 1983 because the actions taken by Detectives Black and Rodriguez on October

3   26, 2007 were a product of a municipal policy.  The City failed to establish policies

4   and procedures governing the treatment of persons with hearing impairments and

5   the provision of effective communication for such persons.

6   Defendants' acts threaten all hearing impaired persons in Los Angeles

7   County with continued violations of their rights due to the failure to provide

8   effective communication during interactions with police.

9   **C.    Defendant's Contentions**

10   Plaintiff was a special education teacher at Alhambra High School.  Plaintiff

11   is deaf and his class consisted of hearing-impaired youngsters.  In October of 2007,

12   Harold Standerfer, the Deputy Superintendant of the Alhambra School District

13   received information from the Director of Technology and Information Services

14   that Plaintiff had child pornography on the laptop computer that was issued to him

15   by the Alhambra School District.  This information came to light because  Plaintiff

16   had to turn in the laptop computer that was issued to him after he transferred from

17   Granada Elementary School to Alhambra High School.

18   On October 25, 2007, the Deputy Superintendant reported the matter to the

19   Alhambra Police Department ("APD").  On that day, the APD initiated a child

20   pornography investigation.

21   On October 26, 2007, Plaintiff Bass was interviewed by APD Sergeant

22   Brandon Black and APD Detective Edward Rodriguez on suspicion of having

23   possession of child pornography.  Due to his deafness, Brandon Dade, the Assistant

24   Principal of Alhambra High School, used sign language to interpret for Plaintiff

25   during his interview with Sgt. Black and Detective Rodriguez.  Plaintiff consented

26   to Dade acting as his interpreter during the interview.  During the interview,

27   Plaintiff was able to communicate effectively with Sgt. Black and Det. Rodriguez.

28   Defendants contend that, in conducting the interview of Plaintiff, they did not

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

CASE NO. CV08-07660 ABC (JWJx)
JOINT RULE 26(F) REPORT

1    violate the American Disabilities Act, the Rehabilitation Act, or any of his rights

2    under federal or state law.  Defendants conducted the interview of Plaintiff lawfully

3    in investigating allegations of child pornography.

4         Regarding their affirmative defenses, Defendants further contend that, with

5    Plaintiff's consent, Plaintiff was provided with a qualified interpreter for  his

6    interview.  Thus, Plaintiff's rights have not been violated by any Defendant.  If it is

7    deemed that Plaintiff's federal constitutional or statutory rights were violated,

8    Defendants Black and Rodriguez are protected under the doctrine of qualified

9    immunity because a reasonable officer or detective would have believed that the

10   interview was conducted legally, under clearly established law.  At all times,

11   Defendants Black and Rodriguez acted in good faith, without malice, in

12   interviewing Plaintiff.

13        Moreover, under section 1983, the Defendant City of Alhambra cannot be

14   liable under the doctrine of respondeat superior nor can punitive damages be

15   imposed against Defendant City of Alhambra.  The Alhambra Police Department is

16   not a proper defendant because the term "person" in §1983 does not include

17   municipal departments.

18        Regarding Plaintiff's state causes of action, Defendant City of Alhambra

19   contends that it cannot be sued for direct negligence, according to Government

20   Code section 815.  Thus, Defendants contend that Plaintiff's Sixth and Seventh

21   Causes of Action for Negligence and Negligence Per Se, respectively, against

22   Defendant City of Alhambra, should be dismissed.

23        **D.    Key Legal Issues**

24        Plaintiff plans to amend his Complaint to add all hearing-impaired residents

25   of Los Angeles County as plaintiffs for a class action.  Presumably, Plaintiff will be

26   the named plaintiff in the proposed class.  Defendants will oppose Plaintiff's

27   attempt to certify a class.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. CV08-07660 ABC (JWJx)
JOINT RULE 26(F) REPORT

# F.R.C.P. Rule 26(f) Requirements

**E.      Exchange Of Initial Disclosures (Rule 26(f)(3)(A)).**

Plaintiff has produced his initial disclosures on May 29, 2009.  Defendants will produce their initial disclosures by June 10, 2009, per the federal rules of civil procedure.

**F.      Discovery Phasing And Timing (Rule 26(f)(3)(B)).**

The parties agree that this case does not require conducting discovery in phases or limiting it to particular issues.

**1.      *Depositions.***

The parties will take depositions regarding issues of liability and alleged damages.

**2.      *Written Discovery.***

The parties intend to propound Special Interrogatories, Requests for Production of Documents, and Requests for Admissions on each other.

**3.      *Rule 35 Examination.***

The parties agree that given Plaintiff's mental and emotional distress claims, he will be examined pursuant to Federal Rule of Civil Procedure 35.  Thus, the parties will stipulate to his Rule 35 examination.

**4.      *Non-Expert Discovery.***

The parties agree that all discovery will completed by December 1, 2009.

**5.      *Expert Discovery.***

The parties agree to exchange their expert disclosures on November 1, 2009 and rebuttal expert disclosures on December 1, 2009.  All expert discovery must be completed by December 21, 2009.

**G.      Electronically Stored Data (Rule 26(f)(3)(C)).**

The parties do not anticipate any issues relating to the discovery or disclosure of electronically stored information.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. CV08-07660 ABC (JWJx)
JOINT RULE 26(F) REPORT

**H.      Privilege Issues/Protected Information (Rule 26(f)(3)(D)).**

The parties do not anticipate any issues relating to claims of privilege or protection of trial-preparation material.

**I.      Changes To Discovery Limits (Rule 26(f)(3)(E))**

None at this time.

**J.      Other Orders (Rule 26(f)(3)(F)**

None at this time.

**LOCAL RULE 26-1 REQUIREMENTS**

**K.      Complex Case Designation (L.R. 26-1(a))**

The parties agree that this is not a complex case such that the Manual for Complex Litigation should be utilized.

**L.      Motion Schedule (L.R. 26-1(b))**

Defendants plan to file a Motion to Amend the Answer, to add two (2) affirmative defenses, if Plaintiff refuses to stipulate.  Defendants may also file a Rule 12(c) motion to dismiss the Sixth and Seventh Causes of Action and a motion for summary judgment.  All motions, including dispositive (Rule 56) and discovery motions, must be heard by February 1, 2010.  If Defendant's summary judgment motion is not granted, Defendant anticipate filing motions-in-limines, in preparation for trial.

**M.      Settlement (L.R. 26-1(c))**

The parties agree to appear for a mandatory settlement conference and will stipulate to Magistrate Judge Carla Woehrle as the settlement officer in the case. (Settlement Procedure No. 1, L.R. 16-15.4).  The parties will confer on a date for a settlement conference with Judge Woehrle's clerk.  The parties have not conducted any settlement negotiations.  However, during the Rule 26(f) conference, the parties engaged in preliminary settlement discussions and will continue to do so, over the course of the litigation.  At the present time, it is too early to evaluate settlement prospects.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

CASE NO. CV08-07660 ABC (JWJx)
JOINT RULE 26(F) REPORT

**N.**   **Trial Estimate (L.R. 26-1(d))**

The parties estimate that 5-7 days will be needed for trial.  The parties request a jury trial.

**O.**   **Additional Parties or Claims (L.R. 26-1(e))**

The parties agree that August 31, 2009 will the last date for the parties to amend the pleadings  to add claims, defenses or parties.

**P.**   **Bifurcation**

Defendant requests that this case be trifurcated as follows: Phase 1(liability and compensatory damages); Phase 2 (punitive damages); and Phase 3 (Monell).

Plaintiff opposes trifurcation and seeks a unitary trial.

**P.**   **Expert Witnesses (L.R. 26-1(f))**

The proposed schedule for the disclosure and depositions of expert witnesses is set forth above in Section F.5.

**Q.**   **Related Cases**

The parties are informed and believe that there are other cases related to this matter, before the Honorable Audrey B. Collins.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

CASE NO. CV08-07660 ABC (JWJx)
JOINT RULE 26(F) REPORT

**R.     Trial**

The parties agree to a pre-trial conference date on April 12, 2010 and a trial date on April 27, 2010.

Dated:  June 8, 2009                          JOSEPH M. MONTES, City Attorney
                                              CITY OF ALHAMBRA; and
                                              BURKE, WILLIAMS & SORENSEN, LLP


                                              By: _/s/ Robert S.  Brown_
                                                  ROBERT S. BROWN
                                                  Attorneys for Defendants
                                                  CITY OF ALHAMBRA,
                                                  SERGEANT BRANDON BLACK
                                                  AND DETECTIVE EDWARD
                                                  RODRIGUEZ

Dated:  June 5, 2009                          KNAUF ASSOCIATES


                                              By: _/s/ Christopher H. Knauf_
                                                  _As authorized on 6/5/09_
                                                  CHRISTOPHER H. KNAUF
                                                  Attorneys for Plaintiff
                                                  PATRICK BASS

Dated:  June 5, 2009                          REBECCA F. THORNTON


                                              By: _/s/ Rebecca F. Thornton_
                                                  _As authorized on 6/5/09_
                                                  REBECCA F. THORNTON
                                                  Attorneys for Plaintiff
                                                  PATRICK BASS

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

CASE NO. CV08-07660 ABC (JWJx)
JOINT RULE 26(F) REPORT