# United States District Court
# for the Central District of California

| | |
|---|---|
| Patrick Bass | CASE NO. CV 08-7660 ABC (JWJx) |
| Plaintiff(s), | CIVIL JURY TRIAL ORDER |
| v. | |
| City of Alhambra, et al. | |
| Defendant(s). | |

The above matter is set for trial before the Honorable Audrey B. Collins, Courtroom 680, Roybal Federal Building, 255 East Temple Street, Los Angeles, CA 90012.

**PRETRIAL AND TRIAL DATES**

1.  The Court orders the following dates:
    a.  Cut-off date for filing motions to join other parties and amend the pleadings is August 31, 2009.
    b.   Discovery cut-off is December 01, 2009.
    c.  Cut-off date for motions **to be filed** is Monday, December 28, 2009.
    d.  Final Pretrial Conference is set for Monday, April 12, 2010 at 10:00 a.m.
        *Trial counsel must be present.  Note: Counsel must comply with Local Rule 16.*
    e.  Jury Trial is set for Tuesday, April 27, 2010 at 8:30 a.m.

[Updated as of June 16, 2009]

**DISCOVERY**

2.   The Court has ordered the above cut-off date for discovery in this action. *The non-expert discovery cut-off date means the last day by which all depositions must be completed and responses to all previously served written discovery must be provided.* Counsel are expected to resolve substantially all discovery problems without the assistance of the court. If discovery disputes cannot be resolved, the parties are referred to the magistrate judge assigned to the case for resolution. The Court requires strict compliance with L.R. 7-3; including its Pre-Filing Conference of Counsel.

**LAW AND MOTION**

3.   The Court has ordered the above cut-off date for the <u>filing</u> of motions in this action. **Efiling is mandatory as of January 2, 2008. Two sets of mandatory chambers' paper copies must be delivered directly to chambers by 12:00 p.m. (noon) of the court day following the efiling of <u>any</u> document.  <u>*For security reasons, paper copies of filings should be removed from envelopes or folders before placing them in the chambers drop-box.*</u> Counsel familiarize themselves with the Central District's General Orders 08-02 & 08-11.**

4.   ***Counsel must comply with Local Rule 7, including L.R. 7-3, Conference of Counsel Prior to Filing of Motions. See detailed discussion in the Court's Order Re Pretrial Conferences and Motions, & Efiling.***

5.   When filing motions for summary judgment, the Court encourages the moving party to provide more than the minimum twenty-one (21) day notice. The moving party should deliver to chambers a CD-Rom in WordPerfect X3 format, containing the Statement of Uncontroverted Facts and Conclusions of Law.

6. If oral argument is not required, counsel will be advised the week before the hearing date. If oral argument is to be heard, a tentative ruling or an outline of issues on which argument should concentrate will generally be available 30 minutes before the time of hearing.

**SETTLEMENT PROCEDURES**

7. As set forth in Local Rule 16 - 15.1, a settlement procedure is required in every case. A Notice of Settlement Procedure shall be filed not later than 14 days after entry of the Scheduling Order. (L.R. 16 - 15.2). Counsel should become familiar with the options presented by L.R. 16 - 15.4. Counsel are responsible for conducting settlement procedures no later than forty-five (45) days <u>before</u> the Pretrial Conference and shall submit with the proposed Pretrial Conference Order a status report detailing what procedure has been followed (L.R. 16 - 15.2).

8. If the parties do not file a timely Notice of Settlement Procedure Selection, the trial judge may order the parties to participate in any of the settlement procedures set forth in this rule (L.R. 16 - 15.3).

9. The undersigned will not conduct settlement conference in non-jury cases which she is to try. In jury cases, the undersigned will conduct a settlement conference if three conditions exist:
    a. Counsel are satisfied that the fact issues in the case will be tried to a jury;
    b. All significant pretrial rulings which the Court must make have been made;
    c. All counsel desire the undersigned to conduct the conference, understanding that if settlement fails, the undersigned will try the case.

If all three conditions exist, counsel must submit to this Court a proposed stipulation requesting a settlement conference date.

10. Unless otherwise ordered by the judge or magistrate judge conducting a settlement conference (whose procedures will apply if different than set forth here); the parties shall follow

the "Requirements for Settlement Procedures" set forth in Local Rule 16 - 15.5.

11.     If a settlement is reached, it shall be reported immediately to this Court as required by Local Rule 16 - 15.7. In addition, the parties must file a Status Report re Settlement at the time that they lodge the Proposed Pre-Trial Conference Order, indicating whether they have conducted the Local Rule 16 Settlement Conference and/or what additional steps are being taken to achieve settlement.

**PREPARATION FOR FINAL PRETRIAL CONFERENCE**

12.     Compliance with all requirements of Local Rule 16 (revised effective December 1, 2006) is required by the Court. Carefully prepared Memoranda of Contentions of Fact (which may also serve as the trial brief), Witness Lists, Joint Exhibit Lists, and a Final Pretrial Conference Order ("FPTCO") shall be submitted in accordance with the time limits and other requirements of Local Rules 16 - 4 through 16 - 7.

Note that service and filing of these documents begins <u>21 days</u> before the Final Pretrial Conference. (L.R. 16 - 4).

Also note that revised Rule 16 contains new requirements for presentation of deposition testimony (L.R. 16 -2.7) and disclosure of graphic and illustrative material (L.R. 16 - 3).

13.     As required by Local Rule 16 - 7.2, the FPTCO should follow the format shown in Pretrial Form No. 1 set forth in Exhibit "A" to the Local Rules (revised effective December 1, 2006).

**MOTIONS IN LIMINE**

14.     Motions in limine on classes of evidence which are appropriate for preliminary rulings must be filed by the Monday two weeks before the date of the Final Pretrial Conference. Oppositions shall be filed seven (7) days later. The Court does not appreciate mass filings of such motions and may limit those heard if parties abuse the process.

**FINAL PRETRIAL CONFERENCE**

15.     This case has been placed on calendar for a Final Pretrial Conference ("FPTC"), pursuant to Fed. R. Civ. P. 16 and Local Rule 16, unless the FPTC is exempted pursuant to L.R. 16-11 or was waived at the Pretrial/Scheduling Conference by the Court.  Unless excused for good cause, each party appearing in this action shall be represented at the FPTC and all pretrial meetings by the attorney who is to have charge of the conduct of the trial on behalf of such party.

16.     No continuance of the FPTC  shall be granted merely on stipulation of the parties (Local Rule 16 - 9).  Counsel should plan to do the necessary pretrial work on a schedule which will insure its completion with time to spare before the FPTC, and in accordance with Local Rule 16.  Specifically, failure to complete discovery is <u>not</u> a ground for a continuance.

17.     At the FPTC, counsel should be prepared to discuss means of streamlining the trial, including, but not limited to: bifurcation, presentation of non-critical testimony by deposition excerpts, stipulations as to the content of testimony, and qualification of experts by admitted resumes.  In rare cases where the FPTC is waived by the Court, counsel must follow Local Rule 16 - 11.2.

**JURY INSTRUCTIONS & SPECIAL VERDICT FORMS**

18.     Seven (7) calendar days prior to the Rule 16 - 2  meeting of counsel, counsel shall exchange proposed jury instructions and special verdict forms (if applicable).  Within seven (7) calendar days, Counsel shall exchange any objections to the instructions and special verdict forms.  Counsel shall meet and confer prior to the Final Pretrial Conference with the goal of reaching agreement on a set of joint instructions and one special verdict form.

19.     Three (3) calendar days before the Final Pretrial Conference itself, the parties shall file two copies of their JOINT jury instructions.  The JOINT jury instructions shall be filed in the

following form:

    a.    The agreed upon instructions, acceptable to all parties, are to be <u>listed</u> (not copied), indicating source and number. This should conserve resources, time and the environment.

    b.    Plaintiff's proposed instructions, objected to by defendant; and

    c.    Defendant's proposed instructions, objected to by plaintiff.

Objections to disputed instructions shall be filed by the date of the Pretrial Conference. Any and all objections and shall first set forth the proposed instruction in its entirety. The objection shall be specific, and contain citation to authority and/or a concise argument supporting the view that the instruction is improper. If applicable, the objecting party shall submit an alternative instruction on a separate page.

20.    The Court prefers Counsel to use the instructions from the <u>Manual of Model Jury Instructions for the Ninth Circuit</u> (2007 Edition) where applicable. Where California law is to be applied and the above instructions are inapplicable, the Court expects counsel to agree on the use of CACI jury instructions. If neither of the above sources are applicable, counsel is directed to use the instructions from Devitt, Blackmar & Wolff, <u>Federal Jury Practice and Instructions</u> or <u>California Forms of Jury Instructions</u>. Each requested jury instruction shall be numbered and set forth in full on a separate page, citing the authority or source of the requested instruction (except for the jury copy discussed <u>infra</u>).

21.    If Counsel prepared the Jury Instructions using WordPerfect X3, counsel shall provide to the Court a CD-Rom containing the proposed instructions along with the hard copy.

22.    An index page shall accompany all jury instructions submitted to the Court. The index page shall indicate the following:

   a.   The number of the instruction;
   b.   A brief title of the instruction;
   c.   The source of the instruction and any relevant case citations; and
   d.   The page number of the instruction.

   EXAMPLE:

   | Number | Title | Source | Page |
   |--------|-------|--------|------|
   | 1 | Burden of Proof | 9th Cir. 1.3 | 5 |

**EXHIBITS**

23.   Counsel are to prepare their exhibits for presentation at the trial by placing them in 3-hole notebooks which are tabbed down the side with the exhibit numbers. These notebook exhibits are to be prepared for the Courtroom Deputy Clerk in an original, which shall be tagged with the appropriate exhibit tags in the lower or upper right hand corner of the first page of each exhibit, and two copies. Each notebook shall contain a list of each exhibit included. Counsel shall also supply three extra copies of their individual or joint exhibit list and witness list to the Courtroom Deputy Clerk at the start of the trial. The exhibits are to be prepared in accordance with Local Rule 16-6.

24.   In jury cases where a significant number of exhibits are to be admitted, the Court encourages counsel, preferably by agreement, to consider ways in which testimony about exhibits may be clarified for the jury while it is being presented. Counsel may consider such devices as ELMOs, or blow-ups of important exhibits. Counsel may not pass exhibits up and down the jury box while court is in session.

25.   All counsel are to meet not later than ten (10) calendar days before trial and to stipulate as far as is possible to foundation, waiver of the best evidence rule and which exhibits may be received into evidence at the start of trial. The exhibits to be so received will be noted on the extra copies of the exhibit lists.

**INSTRUCTIONS GOVERNING PROCEDURE DURING TRIAL**

26. If counsel need to arrange for the installation of their own additional equipment, such as video monitors, overhead projectors, etc., notify the Courtroom Deputy Clerk no later than 4:30 p.m. two days BEFORE trial so that the necessary arrangement may be made.

27. Trial days are Tuesday through Friday 9:00 a.m. to 4:30 p.m. with a morning and afternoon break and a lunch recess from approximately 12:00 p.m. to 1:15 p.m.

28. Before trial commences, the Court will give counsel an opportunity to discuss administrative matters and anticipated procedural or legal problems. During the trial, if there are any matters you wish to discuss, please inform my Courtroom Deputy Clerk.

29. Avoid discussing the law or <u>arguing</u> the case in opening statements.

30. When objecting, state only that you are objecting and the legal ground of the objection, e.g., hearsay, irrelevant, etc. If you wish to argue an objection, ask for permission to do so outside of the hearing of the jury.

31. The Court reserves the time from 8:30 a.m. to 9:00 a.m. to handle legal and administrative matters outside of the presence of the jury. The trial before the jury will commence promptly at 9:00 a.m. Counsel is urged to anticipate matters which may need discussion or hearing outside of the presence of the jury and to raise them during this period.

32. Do not approach the clerk or the witness box without the Court's permission. Please return to the lectern when your purpose has been accomplished.

33. Please rise when addressing the Court. In jury cases, please rise when the jury enters or leaves the courtroom.

34.  Address all remarks to the Court.  Do not directly address the clerk, the reporter or opposing counsel.  If you wish to speak with opposing counsel, ask permission to talk to him or her off the record.  All requests for the re-reading of questions or answers, or to have an exhibit placed in front of a witness, shall be addressed to the Court.

35.  While court is in session, do not leave the counsel table to confer with investigators, secretaries, or witnesses in the back of the courtroom unless permission is granted in advance.

36.  When a party has more than one lawyer, only one may conduct the examination of a given witness and only that same lawyer may handle objections during the testimony of that witness.

37.  If a witness was on the stand at a recess or adjournment, have the witness back on the stand and ready to proceed when Court resumes.

38.  Do not run out of witnesses.  If you are out of witnesses and there is more than a brief delay, the Court may deem that you have rested.

39.  The Court attempts to cooperate with doctors and other professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be put on out of sequence.  Anticipate any such possibility and discuss it with opposing counsel.  If there is an objection, confer with the Court in advance.

40.  Counsel are advised to be on time as the Court starts promptly.

Dated: June 15, 2009

_____
AUDREY B. COLLINS
Chief United States District Judge