Christopher H. Knauf, State Bar No. 185180
KNAUF ASSOCIATES
2001 Wilshire Blvd, Suite 510
Santa Monica, California 90403
Tel: (310) 829-4250  Fax: (310) 622-7263
Email: ck@goodlaw.biz

Rebecca F. Thornton, State Bar No. 231128
LAW OFFICE OF REBECCA F. THORNTON
429 Santa Monica Boulevard, Suite 550
Santa Monica, California 90401
Tel: (310) 393-3055  Fax: (866) 499-5162
Email: rebecca@humanrightsesq.com

Attorneys for Plaintiff, PATRICK BASS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BASS, an individual on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ALHAMBRA, a municipal entity;<br>ALHAMBRA POLICE DEPARTMENT, a municipal entity;<br>SERGEANT BRANDON BLACK, individually and in his official capacity;<br>DETECTIVE EDWARD RODRIGUEZ, individually and in his official capacity;<br>DOES 1 - 10, inclusive,<br><br>Defendants. | Case No.: CV 08-07660 ABC (JWJx)<br><br>**AMENDED COMPLAINT (CLASS ACTION)**<br><br>1. Americans with Disabilities Act<br>2. Section 504 of the Rehabilitation Act<br>3. Fourteenth Amendment to the U.S. Constitution (42 U.S.C. § 1983)<br>4. California Gov. Code § 11135<br>5. California Civil Code § 52.1<br>6. Negligence<br>7. Negligence Per Se |

Plaintiff PATRICK BASS, on his own behalf and on behalf of all similarly situated individuals who are deaf or hard of hearing, hereby alleges the following facts and submits the following claims for relief:

1. This is a civil rights action for damages, declaratory, and injunctive relief in which the plaintiff, PATRICK BASS ("BASS"), who is deaf, seeks relief from the defendants, CITY OF ALHAMBRA ("CITY"), ALHAMBRA POLICE DEPARTMENT ("APD"), and certain individual police detectives, for violation of his rights secured by the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, the Civil Rights Act of 1871, the Fourteenth Amendment to the United States Constitution, common law negligence, and the statutes and Constitution of the State of California.

2. Plaintiff BASS also brings this action on behalf of the class of persons who are deaf or hard of hearing residing in Los Angeles County and adjacent counties for the purpose of declaratory and injunctive relief only. Plaintiff brings the action in response to Defendants' lack of any policies and training whatsoever regarding the provision of effective communication to deaf and hard of hearing persons with whom Defendants' officers come in contact.

3. On October 26, 2007, Plaintiff BASS was interrogated for hours by the individually named Defendants on suspicion of having possession of child pornography, a felony. BASS, a public school teacher, was interrogated at his place of work (Alhambra High School), with his supervisors present.

4. During their interrogation of BASS, Defendants failed to provide him with effective communication to accommodate his disability. APD officers (1) forced Plaintiff to attempt to lip read or communicate through Plaintiff's colleague who was not qualified to interpret in a police interrogation, (2) ignored Plaintiff's statements that he did not fully understand questions asked of him and that his responses were not being properly communicated to the detectives, and (3) ignored

his requests for a qualified sign language interpreter. The lack of effective communication during the three-hour interrogation caused BASS extreme emotional distress and amounts to a violation of his legal rights, for which he seeks damages and declaratory and injunctive relief.

5. Defendants CITY, APD, BLACK and RODRIGUEZ, are individually, jointly and severally liable for those violations of BASS' rights in that they were committed as a result of policies and customs of the CITY and APD, including but not limited to, the failure to train APD officers in proper procedures to protect the rights of deaf persons.

## JURISDICTION AND VENUE

6. This action arises under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, the Civil Rights Act of 1871, and California state laws and common law. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over any and all state law claims that are so related to claims in this action within such original jurisdiction that they form part of the same case or controversy. This Court has jurisdiction over Plaintiff's claims for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b). Defendants are located in the Central District and all of the acts and/or omissions complained of herein have occurred in this district.

## PARTIES

8. Plaintiff PATRICK BASS is, and at all times relevant was, a resident of the County of Los Angeles, State of California. By virtue of being deaf, Plaintiff BASS at all times relevant hereto was an "individual with a disability" within the meaning of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, and California Government Code § 12926.

9. The plaintiff class consists of persons who are deaf or hard of hearing who have interacted, currently interact, or will interact with Defendants' police officers and were, are, or will be denied "effective communication" and necessary auxiliary aids, as required of all public entities by the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. For purposes of manageability of this litigation, the plaintiff class shall be limited to the aforementioned persons who reside in the County of Los Angeles and adjacent counties.

10. Defendant CITY OF ALHAMBRA ("CITY") is a municipal entity, organized as a Charter City under the laws of the State of California, with the capacity to sue and be sued. The CITY is the legal and political governmental entity responsible for the actions of its departments, including the police department, its officials, agents and employees. The CITY is sued in its own right and on the basis of the acts of its officials, agents and employees. At all times relevant in this action, defendant CITY was responsible for the policy, practice, supervision, implementation, and conduct of all APD personnel. In addition, at all relevant times, defendant CITY was responsible for enforcing the rules of the APD, and for ensuring that APD personnel obeyed the Constitution and the laws of the United States and of the State of California. At all times relevant to this Complaint, Defendant CITY was a public entity within the meaning of Title II of the ADA and received federal financial assistance within the meaning of the Rehabilitation Act and state financial assistance within the meaning of Government Code § 11135.

11. Defendant ALHAMBRA POLICE DEPARTMENT ("APD") is a public entity under the laws of the state of California, and is an agency of defendant CITY OF ALHAMBRA. At all times relevant to this Complaint, Defendant CITY was a public entity within the meaning of Title II of the ADA and received federal financial assistance within the meaning of the Rehabilitation Act

and state financial assistance within the meaning of Government Code § 11135.

12. Defendant SERGEANT BRANDON BLACK (erroneously sued as "BILL BLACKWELL" in Plaintiff's original Complaint) at all relevant times was an officer, employee, and agent of the APD, a municipal agency of the CITY. Defendant BLACK is sued individually and in his official capacity.

13. Defendant DETECTIVE EDWARD RODRIGUEZ at all times relevant was an officer, employee, and agent of the APD, a municipal agency of the CITY. Defendant RODRIGUEZ is sued individually and in his official capacity.

14. Defendants DOES 1 through 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will amend this complaint by inserting their true names and capacities.

15. At all times relevant in this action, the individual defendants herein were acting under the color of state law in the course of scope of their duties and functions as agents, servants, employees and officers of the APD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the APD at all times relevant with the power and authority vested in them as officers, agents and employees of the APD and incidental to the lawful pursuit of their duties as officers, employees and agents of the APD. Each of the acts complained of herein was taken, and each violation of plaintiff's rights occurred, pursuant to the policies, practices and/or customs of the APD and each act complained of was approved, condoned and/or ratified by persons of authority with the defendant CITY.

## CLASS ACTION ALLEGATIONS

16. Plaintiff BASS brings this action individually and on behalf of all who are deaf or hard of hearing who have interacted, currently interact or will interact with APD officers, who were, are, or will be denied effective communication or necessary auxiliary aids.

17. Plaintiff brings this class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure. Following a California Public Records Act request, Plaintiff is informed, believes, and based thereon alleges that the CITY and APD do not have any policies or procedures in place, upon which APD officers would be trained concerning compliance with the ADA, Section 504, and their respective regulations, for providing effective communication to the putative class.

18. The CITY and APD have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

19. This class action is brought for the purpose of obtaining declaratory and injunctive relief only. Plaintiff BASS seeks damages for himself only.

20. Based on data collected by the County of Los Angeles, Plaintiff is informed, believes, and based thereon alleges that the putative class consists of over 900,000 individuals who are deaf or hard of hearing. Each member of the putative class is a "qualified individual with a disability" within the meaning of the ADA and the Rehabilitation Act.

21. The putative class members live in the County of Los Angeles or adjacent counties. As such, it is reasonably foreseeable that members of the class live in, have traveled through, or will travel through the City of Alhambra, which is located in a highly populated area in close proximity to the City of Los Angeles and other surrounding cities. In doing so, it is virtually certain that members of the class will periodically come in contact with APD officers.

22.   Plaintiff BASS and the class he represents are informed, believe, and based thereon allege that the DEFENDANTS have failed and continue to fail to take appropriate steps to ensure that communication with individuals who are deaf or hard of hearing is as effective as communication with others, to provide appropriate auxiliary aids and services that are necessary to provide individuals who are deaf or hard of hearing with equal opportunity to participate in and enjoy the benefits of DEFENDANTS' services, programs, and activities, and to give primary consideration to the type of auxiliary aids requested by individuals who are deaf or hard of hearing.

23.   Plaintiff BASS and the class he represents are informed, believe, and based thereon allege that the CITY AND APD have not adopted and do not enforce appropriate policies and procedures to ensure that APD takes appropriate steps to ensure that communication with individuals who are deaf or hard of hearing is as effective as communications with others, as required by the ADA and Rehabilitation Act, provides appropriate auxiliary aids and services that are necessary to provide individuals who are deaf or hard of hearing with equal opportunity to participate in and enjoy the benefits of DEFENDANTS' services, programs, and activities, and gives primary consideration to the type of auxiliary aids requested by individuals who are deaf or hard of hearing.

24.   Plaintiff BASS and the class he represents are informed, believe, and based thereon allege that the CITY and APD have failed and continue to fail to provide APD officers and other employees who interact with the general public with appropriate training regarding the right of individuals who are deaf or hard of hearing to effective communication under the ADA and Rehabilitation Act and state disability rights laws.

25.   The violations of the ADA and the Rehabilitation Act set forth herein, if not enjoined by this Court, will continue to affect members of the proposed class

and cause them to experience physical and emotional harm unnecessarily.

26. The requirements of Rule 23 of the Federal Rules of Civil Procedure are met with regard to the proposed class in that:

    a. The class is so numerous that it would be impractical to bring all class members before the Court;

    b. There are questions of law and fact which are common to the class;

    c. The named Plaintiff's claims for declaratory and injunctive relief are typical of the claims of the class;

    d. The named Plaintiff will fairly and adequately represent common class actions and his attorneys are familiar with the disability rights issues in this case and with disability and civil rights statutes in general; and

    e. DEFENDANTS have acted or refused to act on grounds generally applicable to the class.

27. The common questions of law and fact, shared by the named Plaintiff and all class members, include:

    a. Whether the CITY and APD are violating Title II of the ADA (42 U.S.C. §§ 12131 *et seq.*) and regulations promulgated thereunder, by (1) failing to take appropriate steps to ensure that communication with individuals who are deaf or hard of hearing is as effective as communications with others; (2) to provide appropriate auxiliary aids and services that are necessary to provide individuals who are deaf or hard of hearing with equal opportunity to participate in and enjoy the benefits of DEFENDANTS' services, programs, and activities; and (3) to give primary consideration to the type of auxiliary

aids requested by individuals who are deaf or hard of hearing.

b. Whether the CITY and APD are violating equal access and nondiscrimination provisions of Section 504 of the Rehabilitation Act (29 U.S.C. §§ 794 *et seq.*), by (1) failing to take appropriate steps to ensure that communication with individuals who are deaf or hard of hearing is as effective as communications with others, (2) to provide appropriate auxiliary aids and services that are necessary to provide individuals who are deaf or hard of hearing with equal opportunity to participate in and enjoy the benefits of DEFENDANTS' services, programs, and activities, and (3) to give primary consideration to the type of auxiliary aids requested by individuals who are deaf or hard of hearing.

c. Whether DEFENDANTS are violating California Government Code § 11135 which prohibits denial of benefits or discrimination on the basis of disability in programs funded or receiving financial assistance by the state, by failing to provide effective communication to individuals who are deaf or hard of hearing, and by engaging in a pattern or practice that significantly limits effective communication to individuals who are deaf or hard of hearing.

## FIRST CLAIM FOR RELIEF
### Title II of the Americans with Disabilities Act
### (42 U.S.C. § 12101 *et seq.*)
### (By All Plaintiffs Against CITY and APD)

28. Plaintiffs re-allege and incorporate by reference all previous

paragraphs.

29. Congress enacted the Americans with Disabilities Act ("ADA") upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious and pervasive social problem." 42 U.S.C. §12101(a)(2).

30. In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. §12101(b)(1)-(2).

31. Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. §12132.

32. The U.S. Department of Justice's regulations implementing Title II, 28 C.F.R. §35.160 require public entities to:

    a. Take appropriate steps to ensure that communications with members of the public with disabilities are as effective as communication with others;

    b. Furnish appropriate auxiliary aids and services (including qualified sign language interpreters) where necessary to afford an individual with a disability an equal opportunity to enjoy the benefits of a service, program, or activity conducted by the public entity; and

    c. In determining what type of auxiliary aid and service is necessary, a public entity shall give primary consideration to the requests of the individual with a disability.

33. At all times relevant to this action, Defendants were public entities within the meaning of Title II of the ADA and met the essential eligibility requirements for the receipt of the services, programs, or activities of Defendants.

34. At all times relevant to this action, Plaintiff BASS and the proposed class were qualified individuals with disabilities within the meaning of Title II of the ADA and met the essential eligibility requirements for the receipt of the services, programs, or activities of Defendants.

35. Through the acts and omissions of Defendants and their agents and employees described herein, Defendants subjected Plaintiff BASS and the proposed class to discrimination on the basis of the disability in violation of Title II of the ADA by failing to provide communication that is as effective as communication provided to the general public in situations such as questioning and interrogation at the station and/or while otherwise in Defendants' custody or interacting with Defendants.

36. Plaintiff BASS and the proposed class are informed, believe, and based thereon allege that Defendants and their agents and employees could have reasonably provided BASS (and can provide the proposed class) with one or more of the following auxiliary aids and services in order to provide communication that is as effective as communication with nondisabled persons:

    a. Requesting the presence of a certified sign language interpreter;

    b. Provide a qualified sign language interpreter during questioning;

    c. Provide a qualified sign language interpreter for necessary communication while held in custody; and

    d. Permitting practical access to a Telecommunication Device for the Deaf ("TDD") or an equally effective telecommunication system while held in custody.

37. Plaintiff BASS and the proposed class are informed, believe, and based thereon allege that Defendants committed the acts and omissions alleged herein with intent and/or reckless disregard of Plaintiff's rights.

38. As a direct and proximate result of the aforementioned acts, Plaintiff BASS and the proposed class have suffered and continue to suffer humiliation, hardship, anxiety, indignity, and severe mental and emotional anguish.

39. Plaintiff BASS and the proposed class are informed, believe, and based thereon allege that Defendants and their agents and employees have failed and continue to fail to:

    a. Adopt and enforce policies and procedures for communicating effectively with individuals who are deaf or hard of hearing;

    b. Train APD officers and employees to communicate effectively with individuals who are deaf or hard of hearing; and

    c. Train APD officers and employees regarding the culture and behavior of individuals who are deaf or hard of hearing.

40. Because Defendants' discriminatory conduct is ongoing, declaratory and injunctive relief are appropriate remedies. Pursuant to 42 U.S.C. §12133, Plaintiff is entitled to injunctive relief and to recover reasonable attorneys' fees and costs incurred in bringing this action. Plaintiff BASS also seeks to recover damages.

## SECOND CLAIM FOR RELIEF

**Violation of Section 504 of the Rehabilitation Act of 1973**

**(29 U.S.C. § 794)**

**(By Plaintiffs Against CITY and APD)**

41. Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs.

42. Section 504 of the Rehabilitation Act of 1973 provides in pertinent part: "[N]o otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance. . . ." 29 U.S.C. §794.

43. Plaintiff BASS and the proposed class are qualified individuals with a disability within the meaning of the Rehabilitation Act due to a physical impairment that substantially limits one or more major life activities. 29 U.S.C. § 705(20)(B).

44. At all times relevant to this action Defendants were recipients of federal funding within the meaning of the Rehabilitation Act.

45. Through their acts and omissions described herein, Defendants have violated and continue to violate the Rehabilitation Act by excluding Plaintiffs from participation in, denying the benefits of, and subjecting them to discrimination in the benefits and services Defendants provide to the general public.

46. Plaintiffs are informed, believe, and based thereon allege that Defendants committed the acts and omissions alleged herein with intent and/or reckless disregard of the rights of Plaintiff BASS and the proposed class. Section 504 has been in effect since 1973 and the ADA has been in effect since 1991. Defendants have therefore failed to implement policies, procedures, and training to ensure compliance with the effective communication provision of these statutes for at least 18 years.

47. As a direct and proximate result of the aforementioned acts, Plaintiff BASS and the proposed class have suffered and continue to suffer humiliation, hardship, anxiety, indignity, and severe mental and emotional anguish.

48. Because Defendants discriminatory conduct is ongoing, declaratory and injunctive relief are appropriate remedies.

49. Pursuant to 29 U.S.C. § 794a, Plaintiffs are entitled to injunctive relief and to recover reasonable attorneys' fees and costs incurred in bringing this action. Plaintiff BASS also seeks to recover damages.

### THIRD CLAIM FOR RELIEF
### Violation of the Fourteenth Amendment
### of the United States Constitution
### (42 U.S.C. § 1983)
### (By Plaintiff BASS Against All Defendants)

50. Plaintiff BASS realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs.

51. Defendants unlawfully deprived Plaintiff of liberty without sufficient procedural protections, namely, the provision of effective communication during questioning. In addition, Defendants' conduct demonstrates an inherently impermissible violation of due process in that they discriminated against Plaintiff on the basis of disability. Defendants' actions, as set forth above, shock the conscience and violated Plaintiff's right to due process of law guaranteed by the Fourteenth Amendment of the United States Constitution.

52. As a result of the Defendants' actions, Plaintiff has suffered a violation of rights guaranteed by the Fourteenth Amendment and made applicable to the states and local government by 42 U.S.C. §1983.

53. As a result of Defendants' actions, Plaintiff has suffered emotional injuries.

54. The acts of the individual defendants complained of herein were willful, wanton and malicious and displayed a conscious disregard for, and deliberate indifference to, Plaintiff BASS's constitutional rights, such that he is entitled to an award of damages.

## FOURTH CLAIM FOR RELIEF

### Violation of California Government Code § 11135 *et seq.*

### (By All Plaintiffs Against CITY and APD)

55. Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs.

56. Section 11135(a) of the California Government Code provides in pertinent part: "No person in the State of California shall, on the basis of . . . disability, be unlawfully denied the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is funded directly by the state or receives any financial assistance from the state."

57. At all times relevant to this action Defendants received financial assistance from the State of California.

58. Through their acts and omissions described herein, Defendants have violated and continue to violate California Government Code §11135 by unlawfully denying Plaintiffs the benefits of, and unlawfully subjecting Plaintiffs to discrimination under, Defendants' programs and activities.

59. As a direct and proximate result of the aforementioned acts, Plaintiffs have suffered and continue to suffer humiliation, hardship, anxiety, indignity, and severe mental and emotional anguish.

60. Because Defendants' discriminatory conduct is ongoing, declaratory and injunctive relief are appropriate remedies.

## FIFTH CLAIM FOR RELIEF

### Violation of California Civil Code § 52.1

### (By Plaintiff BASS Against All Defendants)

61. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

62. Because Defendants' actions as alleged herein violated Plaintiff BASS's rights under the California Constitution, Plaintiff is entitled to damages under Civil Code § 52.1.

### SIXTH CLAIM FOR RELIEF
### Negligence
### (By All Plaintiffs Against CITY and APD;
### By Plaintiff BASS Against All Defendants)

63. Plaintiffs re-allege and incorporate by reference all previous paragraphs.

64. At all relevant times, Defendants owed a duty of due care to Plaintiffs by virtue of California statutory and common law.

65. Defendants breached their duty of due care to Plaintiffs by the acts and omissions alleged herein.

66. Plaintiffs incurred injuries and damages as a result of Defendants' conduct, as alleged herein. Such injuries and damages were reasonably foreseeable to Defendants, and Defendants' acts and omissions were a substantial factor in causing Plaintiffs' injuries and damages.

67. For Defendants' past and ongoing breaches of duty of due care, Plaintiff BASS seeks an award of damages according to proof and all Plaintiffs seek injunctive relief.

### SEVENTH CLAIM FOR RELIEF
### Negligence Per Se
### (By All Plaintiffs Against CITY and APD;
### By Plaintiff BASS Against All Defendants)

68. Plaintiffs re-allege and incorporate by reference all previous

paragraphs.

69. By their acts and omissions as alleged herein, Defendants violated state and federal statutes and regulations, including but not limited to the ADA, the Rehabilitation Act, and state statutes.

70. Defendants' violations of law proximately caused, and were a substantial factor in causing, Plaintiffs' damages as alleged herein.

71. Plaintiffs' damages resulted from an occurrence the nature of which the violated statutes and regulations were designed to prevent.

72. At all relevant times, Plaintiffs have belonged to the class of persons for whose protection the statutes and regulations were adopted.

73. Plaintiff BASS incurred damages in an amount according to proof as a result of Defendants' conduct, as alleged herein. Such damages were reasonably foreseeable to Defendants. Defendants' acts and omissions were a substantial factor in causing Plaintiffs' damages.

74. Plaintiffs are also entitled to appropriate injunctive relief.

### **PRAYER FOR RELIEF**

Wherefore, Plaintiff BASS, on behalf of himself and the proposed class, prays for relief as follows:

1. A declaration that Defendants' conduct as alleged herein violated and continues to violate Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, California Government Code § 11135, California Civil Code § 52.1, and the Fourteenth Amendment of the United States Constitution;

2. An injunction against APD and/or the CITY including but not limited to the following:

    a. Ordering DEFENDANTS to cease all actions against

          individuals who are deaf or hard of hearing that have the effect of discrimination on the basis of their disability;

    b. Ordering DEFENDANTS to establish department-wide policies and procedures to ensure compliance with Federal and state disability rights statutes including, but not limited to, ensuring effective communication with persons who are deaf and hard of hearing and the provision of necessary auxiliary aids;

    c. Ordering DEFENDANTS to train all officers and employees to provide effective communication for individuals who are deaf or hard of hearing as provided by Federal and state disability rights statutes;

    d. Ordering DEFENDANTS to provide all officers and employees with sensitivity training regarding the mannerisms and culture of individuals who are deaf or hard of hearing;

    e. Retain jurisdiction over DEFENDANTS until such time as the Court is satisfied that DEFENDANTS' unlawful practices, acts and omissions complained of herein no longer exist and to minimize their likelihood to recur.

3. For Plaintiff BASS, compensatory damages, as permitted by law and according to proof at trial;

4. For Plaintiff BASS, interest on compensatory damages at the legal rate from the date of injury, pursuant to California Civil Code § 3291;

5. For Plaintiff BASS, as against the individual defendants, punitive damages according to proof;

6. Attorneys' fees and costs of this suit under 42 U.S.C. § 12133, 29 U.S.C. § 794a, 42 U.S.C. § 1988; Civil Code § 52.1(h), California Code of Civil Procedure § 1021.5;

7.   Such other relief as the Court finds just and proper.

Dated: September 24, 2009    KNAUF ASSOCIATES and

LAW OFFICE OF REBECCA F. THORNTON

By: Christopher H. Knauf
Attorneys for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and the proposed class, hereby demands a jury trial.

Dated: September 24, 2009    KNAUF ASSOCIATES and

LAW OFFICE OF REBECCA F. THORNTON

By: Christopher H. Knauf
Attorneys for Plaintiff